**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SCOTT RAINEY,** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. _____** |
| **vs.** | § | **Jury Demanded** |
| | § | |
| **U.S. DEPARTMENT OF VETERANS** | § | |
| **AFFAIRS and ARLEEN OCASIO,** | § | |
| **in her individual capacity,** | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL VERIFIED COMPLAINT

Plaintiff Scott Rainey files this Original Verified Complaint against Defendants U.S. Department of Veterans Affairs and Arleen Ocasio in her individual capacity for nominal damages, declaratory relief, a temporary restraining order, and a permanent injunction, and alleges as follows:

### I.       PRELIMINARY STATEMENT

1.       For the past two years, Pastor Scott Rainey has given the Memorial Day invocation at the Houston National Cemetery without incident.  This is a private event sponsored by the National Cemetery Council for Greater Houston, a private entity.  This year, he was again invited to provide the invocation, provided that he submitted his prayer to Defendant Ocasio for prior approval.  After submitting to her a prayer that included Christian references, she asked him to "edit" the prayer to make it "inclusive of all beliefs," "general," and "non-denominational."  Defendant Ocasio further stated that if Pastor Rainey did not comply with this request, that he would no longer be allowed to provide the invocation.

Original Complaint – Page 1

2.      The Defendants' actions violate federal law, namely the First Amendment of the United States Constitution and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*

## II.      JURISDICTION AND VENUE

3.      This action is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.      Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391.  All of the events giving rise to this claim occurred in this judicial district.

## III.      PARTIES

**A.      Plaintiff**

5.      Plaintiff Dr. Scott Rainey is the Lead Pastor at Living Word Church of the Nazarene in Houston, Texas.

**B.      Defendants**

6.      Defendant U.S. Department of Veterans Affairs is a federal department that maintains the Houston National Cemetery.

7.      Arleen Ocasio is the Director of the Houston National Cemetery, which is located at 10410 Veterans Memorial Drive, Houston, TX 77038.

## IV.      STATEMENT OF FACTS

8.      Pastor Scott Rainey has been the Lead Pastor at Living Word Church of the Nazarene in Houston, Texas since 2003.

9.      The National Cemetery Council for Greater Houston is a private non-profit entity. Annually, the Houston National Cemetery allows the National Cemetery Council for Greater Houston to host a Memorial Day Service.

10.     The past two years, Pastor Rainey delivered the invocation at the Memorial Day ceremony. During each invocation, Pastor Rainey closed his prayer, as he believes he is instructed to do by his faith, by praying in Jesus' name.

11.     Before this year, Pastor Rainey was never asked to submit his prayer for prior approval, to edit his prayer to remove references to Christianity, or to not mention the name of Jesus in an effort to be inclusive of all beliefs.

12.     This year Pastor Rainey was again invited to give the invocation for the Memorial Day ceremony, but unlike previous years, Ms. Arleen Ocasio, Director of the Houston National Cemetery, requested that his prayer be submitted to her for prior approval.

13.     Pastor Rainey complied with this request by emailing a copy of the prayer to Zelner "Stoney" Stone, President of the National Cemetery Council for Greater Houston, on May 19[1] (email and prayer attached as Exhibit A), which Mr. Stone forwarded to Ms. Ocasio (email attached as Exhibit B).

14.     Less than four hours after receiving the email from Mr. Stone, Ms. Ocasio emailed Pastor Rainey, and copied Jackie Reyes and Mr. Stone.  In her email, Ms. Ocasio wrote, "Pastor Reiney [sic], … I have reviewed your attached Memorial Day Prayer/Message, while it is very well written I must ask you to edit it."  Ms. Ocasio stated that Pastor Rainey's prayer is "specific to one belief" and "on Memorial Day we will be commemorating veterans from all

---

[1] Evelyn L. Stone is Stoney's wife.  He used her email address for these communications.

Original Complaint – Page 3

cultures and religious beliefs." Therefore, "[t]he tone of all messages must be inclusive of **all** beliefs, need to be general, and its fundamental purpose should be … non-denominational in nature" (email attached as Exhibit C) (emphasis in original).

15.     After receiving the email from Ms. Ocasio, Pastor Rainey contacted her by phone. Ms. Ocasio instructed Pastor Rainey that if he did not remove the references to one religion that he would not be allowed to deliver the Memorial Day invocation at the Houston National Cemetery.

16.     On May 24, 2011, a demand letter was sent to U.S. Secretary of Veteran Affairs Eric Shinseki and Ms. Ocasio, informing the Department of the relevant law and requesting that the Department inform Liberty Institute in writing by 5:00 p.m. on Wednesday, May 25, 2011 that Pastor Rainey can provide the invocation without removing references to his religion (demand letter attached as Exhibit D).

17.     The following day, May 25, 2011, Jack H. Thompson, Deputy General Counsel for the Department of Veterans Affairs, responded to the demand letter via email.  He stated that the Department's policy is "viewpoint-neutral" and "appropriate," and that "the tone of [Pastor Rainey's] remarks must therefore be inclusive."  He went on to state that Pastor Rainey must notify Ms. Ocasio by 3 p.m. the following day if "he agrees to modify the message he wishes to deliver in compliance with [Ms. Ocasio's] directive to him...." (email attached as Exhibit E).

## V.     CAUSES OF ACTION

**A.     COUNT ONE: Violation of the First Amendment—Unlawful Viewpoint Discrimination  (42 U.S.C. 1983)**

18.     Plaintiff incorporates and adopts by reference for all purposes each and every allegation in the preceding paragraphs and sections.

Original Complaint – Page 4

19.     The Memorial Day Ceremony is a private event organized by a private entity, the National Cemetery Council for Greater Houston.  Pastor Rainey's prayer is private speech.

20.     The Department censored Pastor Rainey's prayer based on its specific viewpoint, namely, a Christian viewpoint.

21.      The Department did not object to any other parts of Pastor Rainey's prayer except the parts it deemed too religious.

22.     The government is forbidden from denying access to a speaker solely to suppress the point of view he espouses on an otherwise includable subject.

23.     The government is forbidden from engaging in viewpoint discrimination unless it can show that it is advancing a compelling interest by the least restrictive means.

24.     The government can advance no compelling interest in censoring Pastor Rainey's prayer. In fact, by censoring his prayer the government is acting unlawfully.

25.     Defendants' violation of Plaintiff's rights caused and will cause Plaintiff to suffer irreparable injury.

**B.     COUNT TWO: Violation of the Religious Freedom Restoration Act (42 U.S.C. § 2000bb *et seq.*)**

26.     Plaintiff incorporates and adopts by reference for all purposes each and every allegation in the preceding paragraphs and sections.

27.     Pastor Rainey has a sincerely held religious belief that he must pray in Jesus' name.  He believes that his faith and scripture instruct him to pray in this manner.

Original Complaint – Page 5

28.    By making Pastor Rainey choose between censoring his prayer, which violates his religious beliefs and participating in the Memorial Day Ceremony, the government is creating a substantial burden on his religious exercise.

29.    The government has no compelling interest in censoring Pastor Rainey's prayer. In fact, by censoring his prayer the government is acting unlawfully.

30.    Defendants' violations of Plaintiff's rights caused and will cause Plaintiff to suffer irreparable injury.

**C.    COUNT THREE: Violation of the Establishment Clause (42 U.S.C. 1983)**

31.    Plaintiff incorporates and adopts by reference for all purposes each and every allegation in the preceding paragraphs and sections.

32.    The Department instructed Pastor Rainey to edit his prayer so that it is "non-denominational in nature," "inclusive of all beliefs," and "general."

33.    The Department further stated that Pastor Rainey's prayer could not be specific to one religion.

34.    The Department informed Pastor Rainey that if he did not comply with the government's edits and modifications that he could not deliver the Memorial Day invocation.

35.    It is a cornerstone principle of the Establishment Clause that the government may not compose official prayer.  The government is forbidden from either proscribing or prescribing religious expression.

36.    The Department therefore violated the Establishment Clause by attempting to edit Pastor Rainey's prayer to remove specific religious elements.

Original Complaint – Page 6

37.     Our nation has historically included invocations in its public ceremonies, including ones that reference our Judeo-Christian heritage and supplications to Jesus Christ.  The use of such invocations does not violate the Establishment Clause.

38.     Defendants' violation of Plaintiff's rights caused and will cause Plaintiff to suffer irreparable injury.

## VI.     DECLARATORY RELIEF

39.     Plaintiff incorporates and adopts by reference for all purposes each and every allegation in the preceding paragraphs and sections.

40.     Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration from the Court that the Defendants' actions as described herein violate federal law.

## VII.     TEMPORARY RESTRAINIG ORDER

41.     Plaintiff incorporates and adopts by reference for all purposes each and every allegation in the preceding paragraphs and sections.

42.     Defendants, their agents, their employees, and all other persons acting in concert with them, shall not direct or control the religious content of Pastor Rainey's invocation during the Memorial Day ceremony hosted by the National Cemetery Council for Greater Houston on May 30, 2011 nor shall they prevent or condition his participation in the ceremony on compliance with any such directions.

## VIII.   PRELIMINARY AND PERMANENT INJUNCTION

43.     Plaintiff incorporates and adopts by reference for all purposes each and every allegation in the preceding paragraphs and sections.

Original Complaint – Page 7

44.     Plaintiff seeks a preliminary and permanent injunction enjoining Defendants, their agents, their employees, and all other persons acting in concert with them, from directing or controlling the religious content of Pastor Rainey's invocation during the Memorial Day ceremony hosted by the National Cemetery Council for Greater Houston on May 30, 2011 and preventing or conditioning his participation in the ceremony on compliance with any such directions.

45.     Plaintiff requests the Court set his request for a temporary restraining order and, after the trial, issue a permanent injunction against Defendants as prayed for below.

## IX.     NOMINAL DAMAGES

46.     Plaintiff incorporates and adopts by reference for all purposes each and every allegation in the preceding paragraphs and sections.

47.     Plaintiff seeks nominal damages for Defendant's violations of the law as more fully described herein.

## X.     JURY TRIAL

48.     Plaintiff demands a jury trial on all issues triable to a jury.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court grant the following relief:

49.     A temporary restraining order, a preliminary injunction, and a permanent injunction preventing Defendants, their agents, their employees, and all other persons acting in concert with them, from directing or controlling the religious content of Pastor Rainey's invocation during the Memorial Day ceremony hosted by the National Cemetery Council for

Greater Houston on May 30, 2011 or preventing or conditioning his participation in the ceremony on compliance with any such directions.

1.  A declaration that Defendants' conduct violates federal law;

2.  An award of nominal damages; and

3.  Any further relief this Court deems just and proper.

Dated this 26th day of May, 2011.

Respectfully submitted,


/s/ Jeffrey C. Mateer_____
Jeffrey C. Mateer
Attorney-in-Charge
Texas Bar No. 13185320
Southern District of Texas Bar No. 38345
Hiram S. Sasser III
Texas Bar No. 24039157
Erin E. Leu
Texas Bar No. 24070138
LIBERTY INSTITUTE
2001 Plano Parkway, Suite 1600
Plano, Texas 75075
Telephone: (972) 941-4444
Fax: (972) 941-4457
Email: jmateer@libertyinstitute.org

John D. Walker
Texas Bar No. 00794809
3902 Cimarron way
Magnolia, TX 77354
Tel: 281-252-0222
Fax: 281-259-9596
Email: jwalker@jdwlaw.com


*Counsel for Plaintiff*

Original Complaint – Page 9

## **VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority on this day personally appeared Scott Rainey, who being by me duly sworn under oath stated as follows:

1.      My name is Scott Rainey.  I am over eighteen (18) years of age, and am fully competent to make this Affidavit.

2.      I have read the foregoing Original Verified Complaint, and I have personal knowledge of the factual allegations stated therein and each of such factual allegations is true and correct.

_____
SCOTT RAINEY

SUBSCRIBED AND SWORN TO BEFORE me on the 26th day of May, 2011, to certify which witness my hand and official seal of office.

_____
Notary Public, State of Texas

My Commission Expires:

July 22, 2013

JACK R. HOLT
My Commission Expires
July 22, 2013

Original Complaint – Page 10