| | | |
|---|---|---|
| Scott Rainey, § § § § § § § § § § § | | |
| Plaintiff, | | |
| versus | | Civil Action H-11-1992 |
| United States Department of Veterans Affairs and Arleen Ocasio, | | |
| Defendants. | | |

# Temporary Restraint

Memorial Day began as a regular observance to honor the 300,000 who died fighting for the Union. It has expanded to honor all of those who have given the United States "the last full measure of devotion." This year, as in past years, a charity has proposed to conduct a ceremony on Memorial Day. It is the National Cemetery Council of Greater Houston.

The director of Houston's National Cemetery, Arleen Ocasio, required the ministers who are scheduled to deliver the invocation and benediction to submit their prayers to her for approval. The minister who has prayed as part of the program in other years is Scott Rainey. This year he is to give the invocation. Rainey promptly sent his draft prayer to Ocasio. She responded that the tone "must be inclusive of all beliefs ... non-denominational." Rainey called her, and she told him that if he did not remove the reference to one religion, he would not be allowed to pray.

Rainey appealed her decree to the general counsel of the Department of Veterans Affairs. John H. (Jack) Thompson, a deputy of his, gave the celebrants until three o'clock this afternoon to consent to the deletions of references to specific religions – an act he said would make it non-denominational when he meant non-religious. He asserted the government's "discretion" to keep prayers "fitting."

Along with funerals and private visits, veterans' cemeteries are the sites for observances on broader occasions like V-J Day, Independence Day, and Veterans Day. These events come in two categories: government paid and privately paid. When the tax payers directly fund a

program, it may generally decide who may participate and what they may say, just as it may require its employees to talk about work, not sports. The government may require people invited to talk about highway funding not to talk about international trade. Beyond that narrow, practical proprietary interest, the government may not dictate what people say. The government cannot gag citizens when it says it is in the interest of national security, and it cannot do it in some bureaucrat's notion of cultural homogeneity. The right to free expression ranges from the dignity of Abraham Lincoln's speeches to Charlie Sheen's rants.

Thompson told the pastor that "the ceremony will commemorate veterans of all cultures and beliefs, and the tone of remarks must therefore be inclusive." The government's compulsion of a program's inclusion or exclusion of a particular religion offends the Constitution. The Constitution does not confide to the government the authority to compel emptiness in a prayer, where a prayer belongs. The gray mandarins of the national government are decreeing how citizens honor their veterans. This is not a pick-up-your-trash sign; this is a we-pick-your-words sign.

These people say that remarks need to be content-neutral messages. The men buried in the cemetery fought for their fellow Americans – for us. In those fights, they were served by chaplains, chaplains of two faiths and many denominations, chaplains in the field. They ministered to men who needed them – to all – not only to their personal calling. No deputy general counsel of the Department of Veterans Affairs was in the Ia Drang Valley. The veteran may be Jewish and his friends may be Christians – or Christians, atheists, Moslems, pagans, Shinto, and Sikh. "Friends," of course, means all who appreciate what they did.

The government cannot realistically speak for the religious sensibilities of the numerous and varied people of America, even if it were constitutional for it to try. It is for them to speak for themselves as when the President asked Rick Warren to speak for him in Jesus' name at his inauguration. Americans are free – free to read, write, talk, and pray without permission from George III or other governmental power.

1. *Reasons.*

These are the reasons to enjoin the government:

    A.    Rainey is likely to prevail on his claims that the government is unconstitutionally censoring his speech. The government only objects that his

        message contains religious references. Rainey weaves religion among the day's subjects. The law protects Rainey's speech;

    B.    Not allowing Rainey to invoke Jesus' name or refer to his religious beliefs will irreparably harm him. Limiting a person's freedoms of speech and religion is an irreparable injury. Money cannot replace the freedom he would lose;

    C.    The unrepresented public will not be harmed if the government is enjoined, but Rainey will be harmed if he is forced to omit his religious beliefs from the invocation; and

    D.    The law protects all people's Constitutional rights, including Rainey's Constitutional rights.

2.    *Temporary Restraint.*

Arleen Ocasio, the United States Department of Veterans Affairs, and all those in concert with them are forbidden from dictating the content of speeches – whether those speeches are denominated prayers or otherwise – at the Memorial Day ceremony of National Cemetery Council for Greater Houston. The government is cautioned that interferences for this suit's having been brought would be a further Constitutional violation.

Signed on May 26, 2011, at Houston, Texas.

                          Lynn N. Hughes
                        United States District Judge